UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

RELIANCE STANDARD LIFE INSURANCE COMPANY,

    Plaintiff,

  v.

CHARLIE A. HARRISON,

    Defendant.

NO. CIV. S-09-532 FCD KJN

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on plaintiff Reliance Standard Life Insurance Company's ("plaintiff") motion to modify the pretrial scheduling order to reopen discovery for the limited purpose of conducting three depositions.[1] Plaintiff seeks to depose defendant Charlie Harrison ("defendant"), Elaine Harrison, the decedent's widow, and Paul LaBarbera, the agent who sold the annuity at issue. Plaintiff argues grounds exist to permit the depositions because of the postponement of the trial date, which

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 230(g).

1

has resulted in the passage of over a year since the close of discovery, and because of new developments relevant to the case which bear on liability and damages.  Plaintiff also maintains that defendant will not be prejudiced by reopening discovery because trial is not set until August 2011, and plaintiff does not seek to expand the claims in the case by the discovery. Defendant opposes the motion, arguing plaintiff has failed to show the requisite good cause to permit additional discovery because plaintiff failed to diligently pursue these depositions prior to the original discovery deadline.

For the reasons set forth below, the court GRANTS IN PART plaintiff's motion.  Plaintiff has demonstrated with respect to defendant, the required good cause pursuant to Federal Rule of Civil Procedure 16(b) ("Rule 16(b)"), and thus, the court will reopen discovery to permit plaintiff to take defendant's deposition.  However, with respect to the two other witnesses, plaintiff's motion is DENIED.  Plaintiff did not diligently pursue discovery with respect to these individuals,imagand no new evidence exists to warrant the taking of their depositions post-the original discovery deadline.

**BACKGROUND**

In this action, plaintiff seeks to recover an annuity payment it maintains it made in error to defendant.  As alleged in the complaint, on or about May 12, 2004, plaintiff issued an annuity contract to defendant's father, William Harrison ("decedent") who died on November 13, 2007.  According to the annuity application signed by decedent on April 16, 2004, the primary beneficiary was defendant.  However, on October 27, 2006,

2

1  decedent completed and signed a beneficiary designation, changing
2  the primary beneficiary to his wife, Elaine Harrison.
3       Under the terms of the annuity, upon decedent's death,
4  plaintiff became obligated to pay the death proceeds in the
5  amount of $161,194.50.  Plaintiff mistakenly informed defendant
6  in a letter dated November 26, 2007, that he was the beneficiary,
7  and that a claim could made for the proceeds.  Defendant made a
8  claim for the proceeds on November 30, 2007.  Based upon this
9  claim, plaintiff paid the proceeds in the amount of $161,194.50,
10 minus $16,119.45 for federal income tax withheld, to defendant.
11 The check was cashed.
12      On December 12, 2007, decedent's widow, Elaine Harrison made
13 a claim for the proceeds.  Plaintiff reviewed its records and
14 determined that by virtue of the 2006 change of beneficiary, the
15 proceeds should have been paid to Elaine.  Plaintiff then paid
16 the proceeds to her.
17      Thereafter, plaintiff sent a letter to defendant on or about
18 December 1, 2007, informing him that plaintiff had paid the
19 proceeds to him in error.  Plaintiff requested that the funds be
20 returned.  By way of letters, plaintiff again informed defendant
21 of the same on December 28, 2007 and February 12, 2008, demanding
22 each time that the funds be returned.  To date, defendant has
23 refused to repay plaintiff.
24      Plaintiff filed this action against defendant on February
25 24, 2009, bringing claims for unjust enrichment, conversion,
26 constructive trust and money had and received.  Defendant
27 answered the complaint on April 10, 2009.  The court issued its
28 pretrial scheduling order on May 28, 2009, setting a discovery

deadline of October 29, 2009 and a trial date of July 27, 2010. (Docket # 10.)  Because of conflicts with other pending cases which took precedence on the court's docket, the court subsequently reset the trial in this case twice.  Presently, trial is set for August 30, 2011.

**STANDARD**

Pursuant to Rule 16(b), a pretrial order "shall not be modified except upon a showing of good cause."  The court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  The "good cause" standard primarily focuses upon the diligence of the party requesting the amendment.  "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification.  If that party was not diligent, the inquiry should end."  Id. at 610; see also Gestetner Corp. v. Case Equip. Co., 108 F.R.D. 138, 141 (D. Me. 1985).

**ANALYSIS**

Here, with respect to defendant, plaintiff has shown the requisite diligence.  Prior to the original discovery deadline, plaintiff noticed defendant's deposition.  Ultimately, plaintiff did not take defendant's deposition due to settlement negotiations between the parties.  The case did not settle, and the discovery deadline passed.  Recently, plaintiff discovered that defendant filed suit against decedent's estate, seeking to recover property from the estate.  (Rhodes Decl., filed Dec. 23,

4

2010.)  Plaintiff maintains that the settlement of the estate action relates to its claims in this action.  In the estate action, plaintiff received $30,000.00 and certain real property.  In that action, defendant also claimed he had spent the entirety of the proceeds paid to him by plaintiff, and that he could not reimburse plaintiff.  (Id.)

To the extent the settlement in the estate action affects defendant's ability to repay plaintiff, it is pertinent to this matter, and plaintiff should be able to depose defendant on this issue.  Likewise, the issue of the annuity arose in the estate action based on defendant's statements, and thus, plaintiff reasonably seeks to depose defendant regarding those statements.

Moreover, there is no prejudice to defendant as a result of permitting his deposition.  Trial is not set until August 2011, and defendant has been aware of plaintiff's desire to depose him since prior to the original discovery cut-off.  His deposition was noticed, although not taken because of the settlement discussions.[2]

---

[2] Defendant requests, should the court permit his deposition, that it also order plaintiff to respond to defendant's second set of written discovery, which plaintiff failed to timely respond to prior to the close of discovery.  The court denies defendant's request because he has not properly cross-moved to reopen discovery (Fed. R. Civ. P. 16(b); E.D. Cal. L.R. 230(e)), and even if he had, defendant has not demonstrated that he diligently sought this discovery from plaintiff.  Defendant did not move to compel plaintiff's responses prior to the discovery deadline, and he offers no justification herein for the failure to do so.
     Defendant additionally requests that the court permit him to take plaintiff's deposition pursuant to Federal Rule of Civil Procedure 30(b)(6).  The court likewise denies this request as defendant has not made an appropriate motion.  The court notes, however, that it appears plaintiff may consent to its deposition and be willing to respond to the outstanding discovery.  (Reply, filed Jan. 21, 2011, at 4.)  The parties may

5

However, with respect to the other witnesses Elaine Harrison and Paul LaBarbera, plaintiff has not shown that it diligently sought discovery from these persons. Plaintiff concedes it has known of these individuals from the onset of the litigation. Yet, plaintiff did not seek to take their depositions before the discovery deadline; indeed, plaintiff propounded no discovery whatsoever on them. As justification for the instant motion, plaintiff simply cites to the passage of time between the close of discovery in October 2009 and the reset trial date of August 2011. However, that passage of time does not alone warrant the reopening of discovery to permit plaintiff a second opportunity to formulate evidence in support of its case. Plaintiff had an obligation to pursue discovery pursuant to the deadlines set in the pretrial scheduling order. See Gestetner Corp., 108 F.R.D. at 141 (holding that a scheduling order is not "a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril;" the pretrial scheduling order is designed to allow the district court to better manage its calendar and to facilitate more efficient disposition of cases by settlement or by trial.) Regarding these individuals, plaintiff did not timely pursue discovery, and it provides no justification for its failure to do so. Because plaintiff did not act diligently in pursuing the requested discovery, whether the discovery would prejudice defendant is irrelevant. The inquiry ends under Rule 16(b) where the moving party was not diligent. Mammoth Recreations, Inc., 975 F.2d at 609.

---

meet and confer on these matters, and if plaintiff so consents, the parties can engage in this discovery.

**CONCLUSION**

For the foregoing reasons, plaintiff's motion to modify the pretrial scheduling order to reopen discovery is GRANTED IN PART. Within 30 days of the date of this order, plaintiff may conduct the deposition of defendant. Plaintiff's request to depose Elaine Harrison and Paul LaBarbera is DENIED.

IT IS SO ORDERED.

DATED: January 28, 2011

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE